IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHANE A. JOHNSON et al. Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>  v.<br><br><br>OCZ TECHNOLOGY GROUP, INC. et al.,<br><br>        Defendants.<br>—————————————————————/ | No. CV 12-05265 RS<br><br>**AMENDED ORDER CONSOLIDATING CASES AND APPOINTING OCZ TECHNOLOGY GROUP AS LEAD PLAINTIFF** |

I.      INTRODUCTION

Nine related securities class action lawsuits are currently pending.  The actions are brought on behalf of all those who purchased or otherwise acquired the securities of OCZ Technology Group, Inc. ("OCZ") between July 10, 2012 and October 11, 2012, inclusive ("the Class Period").  The class seeks to recover damages under the Securities Exchange Act of 1934 ("Exchange Act") for failing to disclose and/or materially misleading the investing public concerning customer incentive programs that negatively impacted revenues.  After four partial corrective disclosures, OCZ stock fell from $5.36 per share to $1.47 per share.

Four different plaintiffs timely moved for appointment as lead plaintiff and approval of their respective selections of counsel. Two of those plaintiffs have since withdrawn their motions. A third has conceded it does not have the largest financial interest, but remains ready and willing to serve should the remaining plaintiff not meet the requirements of Rule 23. Thus only one motion for appointment remains to be considered. In conjunction with their motions for appointment as lead plaintiff, plaintiffs have also filed motions for consolidation. Pursuant to Civil Local Rule 7-1(b), this matter has been taken under submission and decided without oral argument.

## II.   LEGAL STANDARD

### A.   Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure grants the court discretion to consolidate "actions involving a common question of law or fact." The Private Securities Litigation Reform Act ("PSLRA") requires that, when "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions" the court shall not make a determination of lead plaintiff until after a decision on the motion to consolidate is rendered.

### B.   Appointment of Lead Plaintiff

The PSLRA requires the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. §78u-4(a)(3)(B)(I); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009). The Act creates a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" that (i) either filed the complaint or made a motion in response to the published notice; (ii) in the determination of the court, has the largest financial interest in the relief sought; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–4(a)(3)(B)(iii).

The Ninth Circuit has articulated a three-part test to determine which plaintiff meets these criteria. First, the court must determine whether the first plaintiff to file an action issued a notice

For the Northern District of California

1   publicizing the pendency of the action.  *Id.* at 729 (citing 15 U.S.C. §78u-4(a)(3)(A)).  Second,

2   the court must decide which plaintiff has the most to gain financially from the lawsuit, and

3   whether this plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil

4   Procedure. *Id.* at 730.  Finally, the court must consider competing plaintiffs' attempts to rebut the

5   presumptive plaintiff's showing that it satisfies Rule 23 of the Federal Rules of Civil Procedure.

6   *Id.*   Rule 23 provides that a party may serve as a class representative if the claims or defenses of

7   the representative parties are typical of claims or defenses of the class and the representative

8   parties fairly and adequately protect the interests of the class.  Fed. R. Civ. Proc. 23(a).

9       As long as the plaintiff with the largest losses satisfies the typicality and adequacy

10  requirements, he is entitled to lead plaintiff status.  *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir.

11  2002).  The district court may not overcome this statutory presumption, even if it thinks a

12  different plaintiff would do a better job.  *Id.*  Nor may the district court consider the relative

13  merits of the plaintiffs seeking lead status.  *Id.*  Rather, the process is sequential, starting with the

14  potential plaintiff with the greatest financial interest.  *Id.*

III.     DISCUSSION

15

16  *A.  Consolidation of Cases*

17      The following actions have been related:

18              12-05288; 12-05296; 12-05329; 12-05345; 12-05381;

19              12-05423; 12-05476; 12-05684.

20  Together this group of cases satisfies the requirements of Fed. R. Civ. Proc. 42(a).

21  Additionally, the parties in the actions are substantially the same.  Accordingly, for pre-trial

22  purposes, the actions are consolidated into *In re OCZ Technology Group, Inc. Securities*

23  *Litigation.*, C 12-05265.  All filings hereafter shall be made exclusively in Case No. C 12-

24  05265.  The Clerk shall close the files of the other cases listed above.  Plaintiff shall file a

25  consolidated class action complaint.

26  *B.  Appointment of Lead Plaintiff*

27      The OCZ Investor Group is comprised of Leo Jegen, Vincent M. Monnier, Shih Leng

28

Tan, and Len C. Villacres.  The Group has made a timely motion in response to the PSLRA early notice requirement.  Thus, the first prong of the inquiry is satisfied.  The next question is to determine if the OCZ Investor Group indeed has the largest financial interest.  The Group suffered an alleged loss of approximately $1,083,666.93.  This amount was determined by calculating how many shares were acquired during the Class Period, and then determining how many of those shares were held through each of the four partial disclosures.  The loss calculation results from comparing the purchase price with the price drop attributable to each of the four partial disclosures, as contemplated in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005).  No plaintiff challenges this calculation, or that it results in the largest investor interest.

The final factor focuses on whether the OCZ Investor Group satisfies the requirements of Rule 23 for typicality and adequacy.  The Group purchased OCZ securities and allegedly suffered damages resulting from defendants' misrepresentations and omissions.  The Group's claims and injuries thus "arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998); *see also In re Chase Bank United States, N.A.*, 274 F.R.D. 286, 292 (N.D. Cal. 2011).  The Group further declares it is not subject to any unique or special defenses.  The OCZ Investor Group therefore meets the typicality requirement of Rule 23 because its claims are the same as the claims of all other class members.  A plaintiff meets the adequacy requirement if its interests are aligned with those of other members of the Class and he or she is able to prosecute the action vigorously through qualified counsel.  *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).   The OCZ Investor Group maintains it has a compelling interest in resolving this action due to the large financial losses suffered by the members of the Group.  It further declares it has chosen competent counsel to represent the class in this action.  In support of this declaration, it has submitted documents touting the expertise of its selected counsel.  As a result, the OCZ Investor Group adequately represents the class.

The OCZ Investor Group consists of four sophisticated investors.  Small, cohesive groups similar to the OCZ Investor Group are routinely appointed as Lead Plaintiff in securities actions

when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel.  *See, e.g., In re Versata, Inc. Sec. Litig.*, 2001 WL 34012374, at *6-7 (N.D. Cal. Aug. 20, 2001).  In support of its motion for appointment as lead plaintiff, the OCZ Investor Group has submitted declarations from each of the four individuals comprising the Group professing the readiness to serve as a representative party on behalf of the class.  They further aver they will work together to direct and supervise the activities of counsel to best vindicate the interests of all shareholders.  Additionally, they have been in contact to discuss how information will be shared and how the litigation will be managed on a day-to-day basis.  The Group has agreed that Leo Jegen will serve as the spokesperson and liaison with counsel and the Court.

Once a lead plaintiff is chosen, that plaintiff may select its counsel, subject to approval of the court.  15 U.S.C. §78u-4(a)(3)(B)(iv).  The OCZ Investor Group has selected Levi & Korinsky LLP to serve as lead counsel.  The Group has additionally chosen Punzalan Law to serve as local counsel and Brower Piven to serve as additional counsel.  These designations are approved.

### IV.    CONCLUSION

For the foregoing reasons, the OCZ Investor Group is appointed as lead plaintiff in this securities class action.  Levi & Korinsky LLP will serve as lead counsel, Punzalan Law will serve as local counsel, and Brower Piven will serve as additional counsel.  The unopposed motion to consolidate the actions listed above is granted.  Plaintiff shall file a consolidated class action complaint.


IT IS SO ORDERED.


Dated: 1/4/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

12-cv-05265 RS
ORDER