# EXHIBIT 1

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

| | |
|---|---|
| IN RE OCZ TECHNOLOGY GROUP, INC. SECURITIES LITIGATION | CASE NO.:  12-CV-05265-RS |
| | CLASS ACTION |
| | **STIPULATION OF SETTLEMENT** |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      This Stipulation of Settlement, dated as of November 22, 2013 (the "Stipulation"), is made

2   and entered into by and among the following Settling Parties (as defined further in Section IV,

3   "DEFINITIONS" hereof) to the above-captioned consolidated securities class action litigation (the

4   "Litigation"): (i) the Plaintiffs (on behalf of themselves and each of the Settlement Class

5   Members), by and through their counsel of record in the Litigation; and (ii) the Defendants, by and

6   through their counsel of record in the Litigation.  The Stipulation is intended by the Settling

7   Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and

8   subject to the terms and conditions hereof.

9   **I.      THE LITIGATION**

10      On October 11, 2012, an action was filed in the United States District Court for the

11   Northern District of California as a putative securities fraud class action on behalf of purchasers of

12   OCZ securities, captioned *Johnson v. OCZ Technology Group, Inc., et al.*, Case No. 3:12-cv-

13   05265-RS.  Eight related securities class action lawsuits subsequently were filed.[1]  On January 4,

14   2013, the Court entered an amended order consolidating the related class action lawsuits as *In re*

15   *OCZ Technology Group, Inc. Securities Litigation*, Case No. C 12-05265-RS.  The Court also

16   appointed the OCZ Investor Group, comprised of Leo Jegen, Vincent M. Monnier, Shih Leng Tan,

17   and Len C. Villacres, as Lead Plaintiffs pursuant to Section 21 D(a)(3)(B) of the Securities

18   Exchange Act of 1934 (the "Exchange Act") and appointed Levi & Korsinsky LLP as Lead

19   Counsel, Punzalan Law as local counsel, and Brower Piven as additional counsel.

20      On March 5, 2013, Plaintiffs filed a Consolidated Amended Class Action Complaint for

21   Violation of Federal Securities Laws (the "Complaint").  Dkt. No. 38.  The Complaint alleges

22   violations of Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of persons who

23   purchased or otherwise acquired OCZ common stock and call options between July 6, 2011 and

24   January 22, 2013.  The Complaint generally alleges that the Company and the Individual

25   Defendants made false and misleading statements regarding OCZ's business and financial results

26   and seeks unspecified money damages and other relief.  Defendants have not yet responded to the

27   ───────────────

28      [1] Two of the complaints were voluntarily dismissed without prejudice.

STIPULATION OF SETTLEMENT            -1-
CASE NO. 12-CV-05265-RS

Complaint, as the parties entered into stipulations extending Defendants' deadline to respond to the Complaint in light of settlement negotiations.

On September 13, 2013, the parties participated in a mediation session with the Honorable Edward A. Infante, but did not reach a resolution. Following the mediation, the parties engaged in additional arm's-length negotiations mediated by Judge Infante, and on October 1, 2013, the parties reached an agreement in principle to settle the Litigation and executed a Memorandum of Understanding ("MOU").

## II.      CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the action have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the action against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this action, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof, and possible defenses to the securities law violations asserted in the action. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Settlement Class.

## III.      DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation. Defendants deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other things, the allegations that the Plaintiffs or the Settlement Class have suffered damages and that the Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Complaint or its predecessor complaints. Nonetheless, Defendants have agreed to enter into the Settlement to avoid the expense, distraction, and time associated with continuing the Litigation. Defendants

1  have concluded that further conduct of the Litigation would be protracted and expensive and that it

2  is desirable that the Litigation be fully and finally settled in the manner and upon the terms and

3  conditions set forth in this Stipulation.  Defendants also have taken into account the uncertainty

4  and risks inherent in any litigation, especially in complex cases such as this Litigation.

5  Defendants have, therefore, determined that it is desirable and beneficial to them that the

6  Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

7  **IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

8           NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

9  Plaintiffs, acting on behalf of themselves and all Settlement Class Members, and Defendants, by

10  and through their respective counsel or attorneys of record, that, subject to the approval of the

11  Court pursuant to Federal Rule of Civil Procedure 23(e), the Litigation, the Released Claims, and

12  all matters encompassed within the scope of the releases set forth or referenced in this Stipulation

13  shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be

14  dismissed with prejudice as to all Released Persons, upon and subject to the terms and conditions

15  of the Stipulation, as follows:

16                                   **DEFINITIONS**

17           As used in this Stipulation, the following terms have the meanings specified below:

18           1.1     "Authorized Claimant" means any Settlement Class Member whose claim for

19  recovery has been allowed pursuant to the terms of the Stipulation.

20           1.2     "Claimant" means any Settlement Class Member who files a Proof of Claim and

21  Release in such form and manner, and within such time, as the Court shall prescribe.

22           1.3     "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc.

23           1.4     "Complaint" means the Consolidated Amended Class Action Complaint for

24  Violation of Federal Securities Laws, filed in the Litigation on March 5, 2013, Docket No. 38.

25           1.5     "Contingent Payment" means a potential payment to be made to the Settlement

26  Fund, if, (x) within six (6) months of the execution of this Stipulation, the Company enters into

27  one or more agreements to sell the Company or any portion of it ("Sale Transaction Agreement")

28  and (y) the transaction contemplated by such Sale Transaction Agreement subsequently closes

1  (the "Sale Transaction(s)" as defined in ¶ 1.30).  The Contingent Payment with respect to each

2  Sale Transaction shall equal 4% of the Net Sale Proceeds (as defined in ¶ 1.19) from such Sale

3  Transaction; provided, however, in no event shall the aggregate Contingent Payments from one

4  or more Sale Transactions exceed $6,000,000 (six million dollars).  Any Contingent Payment

5  shall be subordinated to OCZ's existing secured debt as of the date of execution of this

6  Stipulation, as reflected in the Company's Annual Report on Form 10-K filed with the SEC on

7  October 7, 2013, and the Company's Quarterly Report on Form 10-Q/A, for the quarterly period

8  ended August 31, 2013, filed with the SEC on October 15, 2013.  If the Company does not enter

9  into a Sale Transaction Agreement within six (6) months of execution of the Stipulation, no

10  Contingent Payment shall be made.

11      1.6     "Counsel for the Settlement Class" means Levi & Korsinsky LLP, Brower Piven,

12  and Punzalan Law, P.C.

13      1.7     "Court" means the United States District Court for the Northern District of

14  California.

15      1.8     "Defendants" means OCZ and the Individual Defendants.

16      1.9     "Effective Date" means the first date by which all of the events and conditions

17  specified in ¶ 8.1 of the Stipulation have been met and have occurred.

18      1.10     "Escrow Account" means the interest-bearing account controlled by the Escrow

19  Agent.

20      1.11    "Escrow Agent" means Epiq Systems, Inc.

21      1.12    "Final" means when the last of the following with respect to the Judgment

22  approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur:

23  (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of

24  Civil Procedure 59(e) has passed without any such motion having been filed, or if such a motion is

25  filed, an order denying such motion; (ii) the expiration of the time in which to appeal the

26  Judgment has passed without any appeal having been noticed or taken; and (iii) if any appeal is

27  taken, immediately after (a) the date of final dismissal of any appeal from the Judgment or the

28  final dismissal of any proceeding on certiorari to review the Judgment, or (b) the date of final

1    affirmance on appeal of the Judgment, the expiration of time for any further judicial review,

2    whether, by appeal, reconsideration, or a petition for writ of certiorari and if, certiorari is granted,

3    the date of final affirmance of the Judgment following review pursuant to such grant.  For

4    purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other

5    writ that may be filed in connection with approval or disapproval of this Settlement, but shall not

6    include any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of

7    Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants'

8    recognized claims; any proceeding or appeal pertaining solely to one or more of these excluded

9    issues shall not in any way delay or affect the time set forth above for the Judgment to become

10   Final, or otherwise preclude the Judgment from becoming Final.

11        1.13    "Final Approval Hearing" means the hearing to determine whether the proposed

12   Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class,

13   and whether the Court should enter a Judgment approving the proposed Settlement.

14        1.14    "OCZ" means OCZ Technology Group, Inc.

15        1.15    "Individual Defendants" means Ryan M. Petersen and Arthur F. Knapp, Jr.

16        1.16    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be

17   rendered by the Court, in the form attached hereto as Exhibit B, or such other substantially similar

18   form agreed to by the Settling Parties.

19        1.17    "Lead Counsel" means Levi & Korsinsky LLP.

20        1.18    "Lead Plaintiffs" and/or "Plaintiffs" mean the OCZ Investor Group, comprised of

21   Leo Jegen, Vincent M. Monnier, Shih Leng Tan, and Len C. Villacres, appointed as Lead

22   Plaintiffs by order of the Court dated January 4, 2013.

23        1.19    "Net Sale Proceeds" means (x) the aggregate amount of proceeds to be received by

24   the Company or its shareholders at the closing of a Sale Transaction, less (y) the costs, fees and

25   expenses incurred or paid by the Company (including, but not limited to, the costs, fees and

26   expenses of financial, legal and other outside advisors) in connection with such Sale Transaction.

27   For the avoidance of doubt, the Net Sale Proceeds shall be calculated prior to the reduction of the

28   Net Sale Proceeds in order to pay the Contingent Payment.

STIPULATION OF SETTLEMENT          -5-
CASE NO. 12-CV-05265-RS

1.20   "Net Settlement Fund" means the Settlement Fund less (i) any Court-awarded attorneys' fees, costs, and expenses; (ii) any Court-approved award to Plaintiffs; (iii) notice and administration costs; (iv) Taxes and Tax Expenses; and (v) other Court-approved deductions that occur before distribution of the proceeds of the Settlement Fund to the Settlement Class.

1.21   "Notice" shall mean the Notice of Pendency and Proposed Settlement of Class Action, in the form annexed hereto as Exhibit A-1 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties.

1.22   "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.23   "Plaintiffs" means Leo Jegen, Vincent M. Monnier, Shih Leng Tan, and Len C. Villacres.

1.24   "Plaintiffs' Counsel" means Lead Counsel and Counsel for the Settlement Class.

1.25   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Persons shall have no responsibility therefore or liability with respect thereto.

1.26   "Preliminary Approval Order" means the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, in the form annexed hereto as Exhibit A, or such other substantially similar form agreed to by the Settling Parties, as entered by the Court.

1.27   "Related Persons" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, underwriters, investment advisors, personal or legal

representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, trustees, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest.

1.28    "Released Claims" means any and all claims (including Unknown Claims as defined in ¶ 1.41 hereof), demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, asserted or that could have been asserted by the Plaintiffs or any Settlement Class Member against the Defendants and their respective Related Persons based upon, arising out of, or relating in any way to:  (a) the allegations, matters, facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have been alleged in the Litigation, or (b) the purchase, acquisition, disposition, sale or retention of OCZ securities by the Plaintiffs or any Settlement Class Member during the Settlement Class Period.  Expressly excluded from Released Claims are: (1) the claims asserted in the consolidated federal shareholder derivative action captioned *In re OCZ Technology Group, Inc. Shareholder Derivative Litigation*, Case No. 3:12-cv-05556-RS; and (2) the matters set forth in paragraph 5.5 of this Stipulation.

1.29    "Released Persons" means each and all of the Defendants and their Related Persons.

1.30    "Sale Transaction(s)" means a transaction that meets the following conditions: (x) the Company enters into one or more agreements to sell the Company or any portion of it within

1    six (6) months of the execution of this Stipulation ("Sale Transaction Agreement") and (y) the

2    transaction contemplated by such Sale Transaction Agreement subsequently closes.

3         1.31    "Settlement" means the settlement between Plaintiffs, on behalf of themselves and

4    the Settlement Class Members, and the Defendants on the terms set forth in this Stipulation.

5         1.32    "Settlement Class," "Settlement Class Member(s)," or "Members of the Settlement

6    Class" mean all Persons who purchased or otherwise acquired OCZ common stock and/or call

7    options during the period between July 6, 2011 and January 22, 2013, inclusive.  Excluded from

8    the Settlement Class are Defendants, members of the Individual Defendants' immediate families,

9    officers, directors, and subsidiaries of OCZ, any firm, entity, or corporation in which any

10   Defendant and/or any member(s) of an Individual Defendant's immediate family has or have a

11   controlling interest, any trust of which an Individual Defendant is the settlor or which is for the

12   benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate

13   family, and the legal representatives, heirs, or successors-in-interest of Defendants.  Also excluded

14   from the Settlement Class are those Persons who timely and validly request exclusion from the

15   Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

16        1.33    "Settlement Class Period" means the period between July 6, 2011 and January 22,

17   2013, inclusive.

18        1.34    "Settlement Fund" means the principal amount of Seven Million Five Hundred

19   Thousand Dollars ($7,500,000), plus any accrued interest earned thereon.  The Settlement Fund

20   may also include a potential Contingent Payment as set forth in ¶¶ 1.5, and 2.1(b) herein.

21        1.35    "Settling Parties" means, collectively, the Defendants and the Plaintiffs on behalf

22   of themselves and the Settlement Class Members.

23        1.36    "Stipulation" means this Stipulation of Settlement, including the recitals and

24   Exhibits hereto, each of which is incorporated by reference as though set forth in the Stipulation

25   itself.

26        1.37    "Summary Notice" means the summary notice describing the Settlement of the

27   Litigation and the hearing on the Settlement, in the form annexed hereto as Exhibit A-3 to the

28   Preliminary Approval Order, or such other substantially similar form agreed to by the Settling

1  Parties.

2       1.38   "Supplemental Agreement" means the agreement described in ¶ 8.3.

3       1.39   "Taxes" means all taxes (including any estimated taxes, interest or penalties)

4  arising with respect to the income earned by the Settlement Fund.

5       1.40   "Tax Expenses" means any tax-related expenses and costs incurred in connection

6  with the calculation and payment of taxes or the preparation of tax returns and related documents

7  including, without limitation, expenses of tax attorneys and/or accountants and mailing and

8  distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 2.8.

9       1.41   "Unknown Claims" means any claims that the Plaintiffs or any Settlement Class

10  Member does not know or suspect to exist in his, her or its favor at the time of the release of the

11  Released Persons which, if known by him, her or it, would or might have affected his, her or its

12  settlement with and release of the Released Persons, or would or might have affected his, her or its

13  decisions with respect to this Settlement.  Plaintiffs and Settlement Class Members may hereafter

14  discover facts in addition to or different from those which he, she or it now knows or believes to

15  be true with respect to the subject matter of the Released Claims, but Plaintiffs upon the Effective

16  Date shall expressly, fully, finally and forever settle and release, and each Settlement Class

17  Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall

18  have, fully, finally, and forever settled and released any and all Released Claims, known or

19  unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

20  hidden, which now exist, or heretofore have existed, upon any theory of law or equity now

21  existing or coming into existence in the future, including, but not limited to, conduct that is

22  negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard

23  to the subsequent discovery or existence of such different or additional facts.  With respect to any

24  and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date,

25  Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to

26  have waived, and by operation of the Judgment shall have waived, the provisions, rights, and

27  benefits of California Civil Code Section 1542, which provides:

28         **A general release does not extend to claims which the creditor does
not know or suspect to exist in his or her favor at the time of executing**

STIPULATION OF SETTLEMENT    -9-
CASE NO. 12-CV-05265-RS

1     **the release, which if known by him or her must have materially
affected his or her settlement with the debtor.**

2     Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be

3     deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished

4     any and all provisions, rights, and benefits conferred by any law of any state or territory of the

5     United States, or principle of common law, which is similar, comparable or equivalent to

6     California Civil Code Section 1542.  Plaintiffs acknowledge, and the Settlement Class Members

7     shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of

8     Unknown Claims in the definition of Released Claims and the foregoing waiver were separately

9     bargained for and a key element of the Settlement of which this release is a material and essential

10    part.

11    ## THE SETTLEMENT

12    *The Settlement Fund*

13    2.1    In consideration of the terms of this Stipulation, OCZ or OCZ's Directors and

14    Officers Insurers ("Insurers") shall cause certain payment(s) to be made to the Settlement Class, as

15    set forth below, in full settlement of all Released Claims against the Released Persons.  To enable

16    timely payment, Plaintiffs' Counsel shall provide OCZ's counsel and/or Insurers with wire

17    instructions and a W-9.

18    a.    Within thirty (30) days of the entry of the Preliminary Approval Order

19    granting preliminary approval of the Settlement or within thirty (30) days of provision of wire

20    instructions and a W-9 by Plaintiffs' Counsel pursuant to ¶ 2.1 above (whichever date is later),  the

21    sum of $7,500,000 (Seven Million Five Hundred Thousand Dollars) shall be deposited by Insurers

22    into the Settlement Fund, provided that the required wire transfer instructions and a completed W-

23    9 have been supplied by Plaintiffs' Counsel at least thirty (30) days before payment is due;

24    b.    If a Sale Transaction occurs, OCZ shall cause to be paid to the Settlement

25    Fund the applicable Contingent Payment within five (5) business days of the closing of such Sales

26    Transaction. OCZ may not delay entry into a Sales Transaction for the purpose of avoiding

27    creating the obligation to make a Contingent Payment.

28

2.2     Subject to ¶¶ 2.9 and 6.1 below, the payments described in ¶ 2.1 are the only payments to be made by or on behalf of Defendants in connection with this Settlement.  Subject to ¶¶ 2.9, 6.2 and 7.1-7.6 below, all fees, costs, and expenses incurred by or on behalf of the Plaintiffs and the Settlement Class associated with this Settlement, including, but not limited to, Taxes, Tax Expenses, any administrative costs and costs of providing notice of the Settlement to Settlement Class Members, and any award of attorneys' fees and expenses of Lead Counsel shall be paid from the Settlement Fund, and in no event shall Defendants or their Related Persons bear any additional responsibility or liability for any such fees, costs, or expenses.

### *The Escrow Agent*

2.3     The Escrow Agent shall invest the Settlement Amount(s) deposited pursuant to ¶ 2.1 hereof in short term United States agency or other Treasury securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, and the Escrow Agent shall indemnify the Released Persons and hold them harmless from and against any losses related to investment of the Settlement Fund.

2.4     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by an order of the Court.

2.5     Subject to further order and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.7     Without further order of the Court, the Settlement Fund may be used by Plaintiffs' Counsel to pay reasonable costs and expenses reasonably incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.  If the Effective Date does not occur, the Settlement Fund will be returned to Defendants and their Insurers, less the costs or expenses incurred in connection with providing notice to the Settlement Class and administering the Settlement.  In no event shall the Released Persons have any responsibility for or liability for the administration of the Settlement Fund.

***Taxes***

2.8     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.8(a) hereof) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.8(c) hereof.

(c)     All Taxes and Tax Expenses shall be paid out of the Settlement Fund; in no

1   event shall the Released Persons or their counsel have any responsibility for, or liability

2   whatsoever with respect to, the Taxes or the Tax Expenses.  The Escrow Agent, through the

3   Settlement Fund, shall indemnify and hold each of the Released Persons harmless for any Taxes

4   and Tax Expenses (including, without limitation, Taxes payable by reason of any such

5   indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a

6   cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of

7   the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized

8   (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

9   Claimants any funds necessary to pay such amounts, including the establishment of adequate

10  reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be

11  withheld under Treas. Reg. §1.468B-2(1)(2)); neither the Released Persons, their counsel, or their

12  insurers are responsible, nor shall they have any liability, with respect to any Taxes or Tax

13  Expenses.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax

14  attorneys and accountants to the extent reasonably necessary to carry out the provisions of this

15  paragraph.

16         ***Termination of the Settlement***

17         2.9     In the event that the Stipulation is not approved, or is terminated, canceled, or fails

18  to become effective for any reason (*see infra* ¶¶ 8.1-8.8), the Settlement Amount, including

19  accrued interest, less any expenses and taxes paid, incurred or due and owing in connection with

20  notice and administration of the Settlement shall be refunded to such Persons that paid the

21  Settlement Amount(s) pursuant to written instructions from Defendants' counsel to the Escrow

22  Agent in accordance with Paragraph 8.4 herein.

23              **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING**

24         3.1     Promptly after execution of the Stipulation, Plaintiffs' Counsel shall submit the

25  Stipulation together with its Exhibits to the Court, and Plaintiffs' Counsel shall apply for entry of

26  the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting,

27  among other things, the preliminary approval of the Settlement set forth in the Stipulation, and

28  approval for mailing the Notice, in the form of Exhibit A-1 attached hereto, or such other

1     substantially similar form agreed to by the Settling Parties, and publication of the Summary

2     Notice, in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed

3     to by the Settling Parties.

4           3.2      Plaintiffs' Counsel shall request that after notice is given, the Court hold a Final

5     Approval Hearing to consider and determine whether to approve the Settlement pursuant to the

6     terms of this Stipulation as fair, reasonable, and adequate, and whether the Judgment, substantially

7     in the form of Exhibit B attached hereto, should be entered approving the Settlement as set forth

8     herein and dismissing the Litigation with prejudice. At or after the Final Approval Hearing,

9     Plaintiffs' Counsel also will request that the Court approve the proposed Plan of Allocation and

10     the Fee and Expense Application.

11                   **<u>CERTIFICATION OF THE SETTLEMENT CLASS</u>**

12           4.1      Solely for purposes of this Settlement, and subject to approval by the Court, the

13     Settling Parties agree that the Settlement Class shall be certified and Plaintiffs and Lead Counsel

14     shall be appointed as representatives of the Settlement Class pursuant to Federal Rule of Civil

15     Procedure 23, as set forth in the Preliminary Approval Order. For settlement purposes only, and

16     for no other purpose than as set forth in and to effectuate this Stipulation, Defendants will not

17     object to such certification on the terms set forth in this Stipulation. If the Settlement Class is not

18     certified, the Litigation will, for all purposes with respect to the Settling Parties, revert to its status

19     as of the day immediately preceding the execution of the MOU. In such event, (i) Defendants will

20     not be deemed to have consented to the certification of any class, (ii) the Stipulation concerning

21     the class definition or class certification shall not be used as evidence or in an argument in support

22     of class definition or class certification, and (iii) Defendants will retain all rights to oppose class

23     certification.

24                            **<u>RELEASES</u>**

25           5.1      The satisfaction of the obligations incurred pursuant to this Stipulation shall be in

26     full and final disposition of the Litigation and any and all Released Claims.

27           5.2      Upon the Effective Date, Plaintiffs, and each and every Settlement Class Member

28     shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

1  released, relinquished, discharged, and dismissed all Released Claims (including Unknown

2  Claims) against the Released Persons, whether or not such Settlement Class Member executes and

3  delivers a Proof of Claim and Release form, and whether or not such Settlement Class Member

4  shares in the Settlement Fund.

5      5.3     Upon the Effective Date, Plaintiffs and all Settlement Class Members and anyone

6  claiming through or on behalf of any of them, are forever barred and enjoined from commencing,

7  instituting, or continuing to prosecute any action or proceeding in any court of law or equity,

8  arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the

9  Released Claims (including Unknown Claims) against any of the Released Persons, provided,

10  however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to

11  enforce the terms of the Stipulation and Settlement.

12      5.4     Upon the Effective Date, Defendants shall be deemed to have, and by operation of

13  the Judgment shall have, fully, finally, and forever released, relinquished, and discharged

14  Plaintiffs, the Settlement Class Members, and Plaintiffs' Counsel from all claims (including

15  Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution,

16  assertion, settlement or resolution of the Litigation or the Released Claims, provided, however,

17  that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the

18  terms of the Stipulation and Settlement.

19      5.5     Nothing in this Stipulation constitutes or reflects a waiver or release of: (i) any

20  rights or claims of the Company pursuant to any contract(s) or agreement(s) with any Individual

21  Defendant, including but not limited to, any rights or claims pertaining to claw backs; (ii) any

22  rights or claims of the Individual Defendants pursuant to any contract(s) or agreement(s) with the

23  Company, including, but not limited to, any rights or claims pertaining to indemnification or

24  advancement of expenses; (iii) any rights or claims of the Individual Defendants to

25  indemnification or advancement of expenses arising from the Company's articles of incorporation,

26  bylaws or applicable law; (iv) any rights or claims of Defendants with respect to

27  their Insurers and/or the Insurers' Related Persons, including, but not limited to, any rights or

28

STIPULATION OF SETTLEMENT          -15-
CASE NO. 12-CV-05265-RS

claims under any directors' and officers' liability insurance or other applicable insurance coverage maintained by the Company.

## ADMINISTRATION AND CALCULATION OF CLAIMS AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND

6.1     The Claims Administrator, subject to such supervision and direction of Plaintiffs' Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay the fees and expenses reasonably and actually incurred in connection with providing notice, including:

i.      Printing and mailing of the Notice and Proof of Claim and Release to the Settlement Class;

ii.     Publication of the Summary Notice;

iii.    The Claims Administrator's costs and fees for services performed in connection with the administration of the Settlement contemplated by this Stipulation;

iv.     Costs to reimburse brokers or nominees in connection with dissemination of the Notice to the Class;

v.      Fees and expenses reasonably and actually incurred in locating Settlement Class Members;

(b)     to pay the fees and expenses reasonably and actually incurred in connection with assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing Proofs of Claim;

(c)     to pay escrow fees and costs, if any;

(d)     to pay Taxes and Tax Expenses;

(e)     after the Judgment is Final, to pay Plaintiffs' counsel's attorneys' fees and expenses if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(f)     after the Effective Date, to distribute the balance of the Net Settlement Fund

1   to Authorized Claimants as allowed by the Stipulation and Plan of Allocation, as approved by the

2   Court.

3         6.3    After the Effective Date, and in accordance with the terms of the Stipulation, the

4   Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary

5   or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized

6   Claimants, subject to and in accordance with the following.  Within ninety (90) days after the

7   mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an

8   Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of

9   Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty

10  of perjury and supported by such documents as are specified in the Proof of Claim.  All Proofs of

11  Claim must be submitted by the date specified in the Notice, unless such period is extended by the

12  Court.

13        6.4    Except as otherwise ordered by the Court, all Settlement Class Members who fail

14  to timely submit a Proof of Claim within such period, or such other period as may be ordered by

15  the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to

16  the Settlement, but will in all other respects be subject to and bound by the provisions of the

17  Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing,

18  Plaintiffs' Counsel shall have the discretion to accept late-submitted claims so long as distribution

19  of the Net Settlement Fund is not materially delayed thereby.

20        6.5    The Net Settlement Fund shall be distributed to Authorized Claimants substantially

21  in accordance with a Plan of Allocation set forth in the Notice and approved by the Court.  If there

22  is any balance remaining in the Net Settlement Fund after six (6) months from the date of

23  distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or

24  otherwise), Plaintiffs' Counsel shall, if feasible, reallocate such balance among Authorized

25  Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in

26  the Net Settlement Fund shall be, subject to the payment of any additional previously

27  unreimbursed fees, costs, and expenses related to the administration of the Settlement, donated to

28  an appropriate, non-profit 501(c)(3) charitable organization as determined by Plaintiffs' Counsel.

1      6.6     Defendants and Defendants' counsel shall have no role in, responsibility for,

2   interest in, or liability with respect to any of the following: (a) any act, omission, or

3   determination of Plaintiffs' Counsel, the Escrow Agent, or the Claims Administrator, or any of

4   their respective designees or agents, in connection with administering the Settlement; (b) the

5   management, investment or distribution of the Settlement Fund; (c) the Plan of Allocation;

6   (d) the review, determination, administration, calculation, or payment of any claims asserted

7   against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the

8   Settlement Fund; or (f) the payment or withholding of any taxes, expenses, and/or costs incurred

9   in connection with the taxation of the Settlement Fund or filing of any returns.  No Person shall

10   have any claim of any kind against the Released Persons with respect to the administration,

11   investment, distribution, and/or supervision of the Settlement Fund, and Plaintiffs, the Settlement

12   Class Members, and Plaintiffs' Counsel release Defendants and Defendants' counsel from any

13   and all liability arising from or with respect to the administration, investment, distribution, and/or

14   supervision of the Settlement Fund.

15      6.7     It is understood and agreed by the Settling Parties that any proposed Plan of

16   Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

17   Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be

18   considered by the Court separately from the Court's consideration of the fairness, reasonableness,

19   and adequacy of the Settlement set forth in this Stipulation.  It is further understood and agreed by

20   the Settling Parties that any order or proceeding relating to the Plan of Allocation shall not operate

21   to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment

22   approving this Stipulation and the Settlement set forth herein (including the releases contained

23   herein), or any other orders entered pursuant to this Stipulation.

24        **PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSES**

25      7.1     Plaintiffs' Counsel may submit an application or applications (the "Fee and

26   Expense Application") for an award of attorneys' fees not to exceed 25 % of the Settlement

27   Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on

28   such attorneys' fees and expenses at the same rate and for the same time periods as earned by the

1    Settlement Fund (until paid), as may be awarded by the Court.  Plaintiffs' Counsel reserve the

2    right to make additional applications for fees and expenses incurred in connection with the

3    preservation of the Settlement Fund and/or the administration of the Settlement.  Defendants shall

4    take no position with respect to Plaintiffs' Counsel's Fee and Expense Application.

5           7.2    The Fee and Expense Award, if and to the extent allowed by the Court, shall be

6    available for distribution to Plaintiffs' Counsel after entry of an order by the Court awarding such

7    fees and expenses, in accordance with ¶ 6.2.

8           7.3    In the event that the Effective Date does not occur, or the Judgment or the order

9    making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or

10   terminated for any other reason, and in the event that the Fee and Expense Award has been paid to

11   any extent, then Plaintiffs' Counsel shall within five (5) business days from receiving notice from

12   Defendants' counsel or from a court of appropriate jurisdiction, refund (less the deductions

13   provided in ¶¶ 2.7 and 2.8) to the Settlement Fund the fees and expenses previously paid to

14   Plaintiffs' Counsel from the Settlement Fund, plus interest thereon at the same rate as earned by

15   the Settlement Fund in an amount consistent with such reversal or modification.  Plaintiffs'

16   Counsel receiving fees and expenses, agree as a condition of receiving such fees and expenses,

17   that they are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph.

18          7.4    The procedure for and the allowance or disallowance by the Court of any

19   applications by Plaintiffs' Counsel for attorneys' fees and expenses, to be paid out of the

20   Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be

21   considered by the Court separately from the Court's consideration of the fairness, reasonableness,

22   and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to

23   the Fee and Expense Application, or any appeal from any order relating thereto or reversal or

24   modification thereof, shall not operate to terminate or cancel this Stipulation, or  affect or delay

25   the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth

26   herein.

27          7.5    The Released Persons shall have no responsibility for, or liability with respect to,

28   the payment of any Fee and Expense Award to Plaintiffs' Counsel out of the Settlement Fund.

STIPULATION OF SETTLEMENT          -19-
CASE NO. 12-CV-05265-RS

7.6     The Released Persons shall have no responsibility for the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, and the Released Persons take no position with respect to such matters.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

8.1     The Effective Date of this Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order as described in ¶ 3.1 hereof;

(b)     Defendants and/or their insurers paid or caused to be paid into the Escrow Account the amount(s) set forth in ¶ 2.1, subject to the conditions of ¶ 1.5 hereof;

(c)      Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 8.3 hereof;

(d)     the Court has entered the Judgment, substantially in the form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties; and

(e)     the Judgment has become Final, as defined in ¶ 1.12 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶ 8.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 8.5 hereof unless Plaintiffs' Counsel and counsel for Defendants mutually agree in writing to otherwise proceed with the Stipulation.

8.3     Defendants shall have the option in their sole discretion to terminate the Settlement in the event that Persons who purchased more than a certain number and/or percentage of shares of OCZ common stock or call options during the Settlement Class Period choose to exclude themselves from the Settlement Class ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiffs' Counsel and Defendants' counsel, which is incorporated by reference into this Stipulation.  The Supplemental Agreement will not be

1    filed with the Court unless requested by the Court or unless a dispute among the Settling Parties

2    concerning its interpretation or application arises and in that event, the parties shall request that the

3    Supplemental Agreement be filed and maintained under seal.  In the event of a termination of this

4    Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void

5    and of no further force and effect.

6           8.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate,

7    or be canceled, or the Effective Date shall not occur for any reason, then within ten (10) business

8    days after written notification of such event is sent by counsel for Defendants or Plaintiffs'

9    Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses

10   and costs reasonably and actually incurred pursuant to ¶ 2.7 and Taxes and Tax Expenses that

11   have been paid pursuant to ¶ 2.8 hereof, shall be refunded by Plaintiffs' Counsel to the entity or

12   entities that provided the funds, based on their *pro rata* contribution to the Settlement Fund, as

13   indicated in writing to Plaintiffs' Counsel and the Escrow Agent by Defendants' counsel.  The

14   Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay

15   the proceeds, after deduction of any fees or expenses incurred in connection with such

16   application(s) for refund, in a similar *pro rata* manner, pursuant to written instructions from

17   Defendants' counsel.

18          8.5     In the event that the Stipulation is not approved by the Court or the Settlement set

19   forth in the Stipulation is terminated or fails to become effective for any reason, the Settling

20   Parties shall be deemed to have reverted to their respective status and litigation positions in the

21   Litigation as of the date and time immediately prior to the execution of the MOU.  In such event,

22   the terms and provisions of the Stipulation, with the exception of ¶¶ 2.7-2.9, 8.3-8.4, 8.6, and 9.4-

23   9.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not

24   be used in this Litigation or in any other proceeding for any purpose, and any judgment or order

25   entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated,

26   *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the

27   Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and

28   interest awarded by the Court shall constitute grounds for cancellation or termination of the

STIPULATION OF SETTLEMENT          -21-
CASE NO. 12-CV-05265-RS

1    Stipulation.

2         8.6     Notwithstanding any provision herein to the contrary, if the Effective Date does not

3    occur, or if the Stipulation is terminated pursuant to its terms, neither the Plaintiffs nor Lead

4    Counsel shall have any obligation to repay any amounts actually and properly disbursed pursuant

5    to ¶¶ 2.7-2.8 hereof.  In addition, any expenses already incurred and properly chargeable pursuant

6    to ¶ 2.7  hereof at the time of such termination or cancellation, but which have not been paid, shall

7    be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance

8    being refunded in accordance with ¶¶ 2.9 and 8.4 hereof.

9         8.7     In the event any proceedings by or on behalf of OCZ, whether voluntary or

10   involuntary, are initiated under any chapter of the U.S. Bankruptcy Code, including any act of

11   receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the

12   Settling Parties agree to use their reasonable best efforts to obtain all necessary orders, consents,

13   releases, and approvals for effectuation of this Stipulation and Court approval of the Settlement in

14   a timely and expeditious manner.  By way of example only, the Settling Parties agree to cooperate

15   in making applications and motions to the bankruptcy court for relief from any stay, approval of

16   the Settlement, authority to release funds, authority for the Defendants' insurers to disburse

17   insurance proceeds consistent with this Stipulation, authority to release claims and indemnify

18   officers and directors, and authority for the Court to enter all necessary orders and judgments, and

19   any other actions reasonably necessary to effectuate the terms of the Settlement.  In addition, in

20   the event of any Bankruptcy Proceedings by or on behalf of OCZ, the Settling Parties agree that

21   all dates and deadlines in the Litigation, if any, or any dates and deadlines associated with the

22   appeal of the Litigation, if any, will be extended for such periods of time as are necessary to obtain

23   necessary orders, consents, releases, and approvals from the bankruptcy court to carry out the

24   terms and conditions of the Settlement.

25        8.8     In the event that a bankruptcy court does not approve the Settlement and/or the

26   payments to the Settlement Fund: (i) this Stipulation shall become null and void and of no further

27   force and effect; (ii) the Settlement shall be void; (iii) the Settlement Fund (including accrued

28   interest), less any expenses and costs reasonably and actually incurred in connection with notice

and administration pursuant to ¶¶ 2.7 and 2.8, shall be refunded by Plaintiffs' Counsel to the entity or entities that provided the funds, based on their *pro rata* contribution to the Settlement Fund, as indicated in writing to Plaintiffs' Counsel and the Escrow Agent by Defendants' counsel;

(iv) Plaintiffs and Defendants shall be restored to their respective positions as of the date and time immediately prior to the execution of the MOU.

## **MISCELLANEOUS PROVISIONS**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     Pending final determination of whether the Stipulation should be approved, Plaintiffs' Counsel, Plaintiffs, and the Settlement Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Persons.

9.3     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a finding that, during the Course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.4     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including its exhibits, all negotiations, discussions, drafts, and proceedings in connection with this Settlement, and any act performed or document signed in connection with the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of: (i) any acts of wrongdoing or lack thereof;

(ii) any liability on the part of any of the Defendants or the Released Persons to Plaintiffs, the Settlement Class, or anyone else; (iii) any deficiency of any claim or defense that has been or could have been asserted in the Litigation; or (iv) any damages, or lack of damages, suffered by Plaintiffs, the Settlement Class, or anyone else.

9.5     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and their Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

9.6     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.9     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10     The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations,

1    warranties or inducements have been made to any Settling Party concerning the Stipulation or its

2    Exhibits or the Supplemental Agreement other than the representations, warranties, and covenants

3    contained and memorialized in such documents.  Except as otherwise provided herein, each

4    Settling Party shall bear its own costs.

5          9.11    Plaintiffs' Counsel, on behalf of the Settlement Class, are expressly authorized by

6    the Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement

7    Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter

8    into any modifications or amendments to the Stipulation on behalf of the Settlement Class that

9    they deem appropriate.

10          9.12    Each counsel or other Person executing the Stipulation or any of its Exhibits on

11    behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

12          9.13    The waiver by one party of any breach of this Stipulation by any other party shall

13    not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

14          9.14    The Stipulation may be executed in one or more counterparts, including by

15    signature transmitted by email in pdf format.  All executed counterparts and each of them shall be

16    deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed

17    with the Court.

18          9.15    The Stipulation shall be binding upon, and inure to the benefit of, the successors

19    and assigns of the parties hereto.

20          9.16    The Court shall retain jurisdiction with respect to implementation and enforcement

21    of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for

22    purposes of implementing and enforcing the Settlement embodied in the Stipulation.

23          9.17    The Stipulation and the Exhibits hereto shall be considered to have been negotiated,

24    executed and delivered, and to be wholly performed, in the State of California, and the rights and

25    obligations of the parties to the Stipulation shall be construed and enforced in accordance with,

26    and governed by, the internal, substantive laws of the State of California without giving effect to

27    that State's choice-of-law principles.

28          9.18    This Stipulation supersedes the MOU dated October 1, 2013.

STIPULATION OF SETTLEMENT          -25-
CASE NO. 12-CV-05265-RS

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

2  by their duly authorized attorneys dated as of November 22, 2013.

Dated: November 22, 2013

LEVI & KORSINSKY LLP
NICHOLAS I. PORRITT
THOMAS M. GOTTSCHLICH
1101 30th Street NW, Suite 115
Washington, DC   20007
Telephone:  (202) 524-4290
Facsimile:   (202) 337-1567


By: _____
    Nicholas I. Porritt


PUNZALAN LAW, P.C.
MARK PUNZALAN
600 Allerton Street, Suite 201
Redwood City, CA   94063
Telephone:  (650) 362-4150
Facsimile:   (650) 362-4151

*Attorneys for Lead Plaintiffs the OCZ Investor
Group and Lead Counsel for the Class*

- and -

BROWER PIVEN
CHARLES J. PIVEN
1925 Old Valley Road
Stevenson, MD   21153
Telephone:  (410) 332-0030
Facsimile:   (410) 685-1300

*Additional Counsel for the OCZ Investor Group*

1

Dated: November 22, 2013

WILSON SONSINI GOODRICH & ROSATI
2          Professional Corporation
          BORIS FELDMAN
3          CAZ HASHEMI
          650 Page Mill Road
4          Palo Alto, CA  94304
          Telephone: (650) 493-9300
          Facsimile:  (650) 565-5100
5

6          By: _____

7

8          Attorneys for Defendant
          OCZ Technology Group, Inc.

9

Dated: November ___, 2013

HOGAN LOVELLS US LLP
10          NORMAN J. BLEARS
          525 University Avenue 4th Floor
11          Palo Alto, CA  94301
          Telephone: (650) 463-4000
12          Facsimile:  (650) 463-4199

13          By: _____

14

15          Attorneys for Defendant
          Arthur F. Knapp, Jr.

16

Dated: November ___, 2013

IRELL & MANELLA LLP
17          DAVID SIEGEL
          DANIEL P. LEFLER
18          1800 Avenue of the Stars, Suite 900
          Los Angeles, CA  90067
19          Telephone: (310) 277-1010
          Facsimile:  (310) 203-7199
20

21          By:_____

22

23          Attorneys for Defendant
          Ryan M. Petersen

24

25

4850-7047-4519, v. 1
26

27

28

STIPULATION OF SETTLEMENT                    -28-
CASE NO. 12-CV-05265-RS

Dated: November ___, 2013

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
BORIS FELDMAN
CAZ HASHEMI
650 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100


By: _____


Attorneys for Defendant
OCZ Technology Group, Inc.

Dated: November 25, 2013

HOGAN LOVELLS US LLP
NORMAN J. BLEARS
525 University Avenue 4th Floor
Palo Alto, CA  94301
Telephone:  (650) 463-4000
Facsimile:   (650) 463-4199


By: _Norman J. Blears /NJB/_


Attorneys for Defendant
Arthur F. Knapp, Jr.

Dated: November ___, 2013

IRELL & MANELLA LLP
DAVID SIEGEL
DANIEL P. LEFLER
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199


By: _____


Attorneys for Defendant
Ryan M. Petersen

4850-7047-4519, v.  1

STIPULATION OF SETTLEMENT                    -28-
CASE NO. 12-CV-05265-RS

Dated:  November __, 2013

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
BORIS FELDMAN
CAZ HASHEMI
650 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

By: _____

Attorneys for Defendant
OCZ Technology Group, Inc.

Dated:  November __, 2013

HOGAN LOVELLS US LLP
NORMAN J. BLEARS
525 University Avenue 4th Floor
Palo Alto, CA  94301
Telephone:  (650) 463-4000
Facsimile:   (650) 463-4199

By: _____

Attorneys for Defendant
Arthur F. Knapp, Jr.

Dated:  November 22, 2013

IRELL & MANELLA LLP
DAVID SIEGEL
DANIEL P. LEFLER
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

By: _David Siegel kww_

Attorneys for Defendant
Ryan M. Petersen

4850-7047-4519, v.  1

STIPULATION OF SETTLEMENT          -28-
CASE NO. 12-CV-05265-RS