1
2
3
4                         UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    IN RE: OCZ TECHNOLOGY GROUP, INC.          Case No.  12-cv-05265-RS
8    SECURITIES LITIGATION
9                                                **ORDER CONDITIONING
                                                 PRELIMINARY APPROVAL OF CLASS
10                                               ACTION SETTLEMENT ON
                                                 MODIFICATIONS TO STIPULATION
11                                               OF SETTLEMENT AND NOTICE
                                                 DOCUMENTS**
12
13           As indicated at the April 9, 2015 hearing in this matter, Lead Plaintiffs' unopposed motion

14   for preliminary approval of class action settlement and directing dissemination of notice to

15   putative class members shall be granted, pending submission of revised Notice of Settlement,

16   Proof of Claim and Release, and Summary Notice forms that reflect parties' proposed dates for all

17   notice and claims administration deadlines, and a final approval fairness hearing date.  In addition,

18   the Notice of Settlement shall be revised to reflect clearly, in accordance with estimates provided

19   by Lead Plaintiffs' counsel, that 70 million shares were damaged during the class period, and the

20   corresponding recovery from the $7.5 million settlement fund—prior to deduction of attorney fees

21   and costs—would, on that assumption, be 10.5 cents per share.  The Notice of Settlement shall

22   also be revised to convey that the portion of the settlement fund to be allocated for attorney fees

23   and costs will be the subject of a fee petition to be filed in advance of the opt-out peri od, and will

24   be determined by the Court at the final approval stage.

25           Parties are also ordered to revise Paragraph 8.3 of the Stipulation of Settlement to disclose

26   their agreed-upon "certain number and/or percentage of shares of OCZ common stock or call

27   options" held by persons who choose to opt-out of the settlement, which if exceeded, will afford

28   defendants sole discretion to terminate the settlement.  While defense counsel contended at the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  hearing that such information is typically excluded from the public record and filed, if at all, under

2  seal in order to minimize putative class members' ability to frustrate the settlement through

3  "collusion" or the leverage of their position with regard to this threshold number to force a

4  renegotiation, it is class members' right to do so—hence the notice, opt-out and objection

5  procedures every class action settlement process must entail.  Indeed, as former Chief Judge

6  Vaughn Walker has reasoned, this "magic number" is "part and parcel" of the merits of the

7  settlement agreement because it reflects class members' bargained-for expectations.  If a sufficient

8  number of class members wish to organize to derail the settlement, or parties fear a distinct

9  possibility of this occurring, the settlement may not be in the best interests of the class.  *See In re*

10  *Chiron Corp. Securities Litigation*, 2007 WL 4249902, at *9-11 (N.D. Cal. Nov. 30, 2007).  The

11  district court's responsibility to ensure the settlement's fairness and adequacy, therefore, heeds in

12  favor of transparency.

13  Parties shall, accordingly, file revised Stipulation of Settlement, Notice of Settlement,

14  Proof of Claim and Release, and Summary Notice documents, along with a revised proposed order

15  granting preliminary approval, reflecting the above, by Monday, April 13, 2015.

16

17  **IT IS SO ORDERED**.

18  Dated: April 9, 2015

19  _____

20  RICHARD SEEBORG
   United States District Judge

21

22

23

24

25

26

27

28