UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OCZ TECHNOLOGY GROUP, INC. SECURITIES LITIGATION | No. 3:12-cv-05265-RS<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>DATE:     July 30, 2015<br>TIME:      1:30 p.m.<br>CTRM:    3, 17th Floor<br>JUDGE:   Hon. Richard Seeborg |

This matter came before the Court for hearing pursuant to the Order of this Court, dated July 30, 2015, on the motion of the Parties for final approval of the Settlement set forth in the Amended Stipulation of Settlement dated as of April 13, 2015 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class. The Court also hereby reaffirms its findings and conclusion, set forth in the Preliminary Approval Order, that, for purposes of the Stipulation and the Settlement, this Settlement Class meets the prerequisites for bringing a class action set forth in Federal Rule of Civil Procedure Rule 23(a) and the requirements for maintenance of a class action under Rule 23(b)(3). The Court hereby makes final its previously conditional certification of the Settlement Class.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice by the Lead Plaintiffs and the other Members of the Settlement Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the Stipulation and Settlement contained therein, and the Plan of Allocation are fair, reasonable and adequate as to each of the Settling Parties, and that

the Stipulation and Settlement contained therein and the Plan of Allocation are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. The Settling Parties expect the Settlement Fund to be fully consumed, but if that does not happen, no portion of the Settlement Fund will revert to Defendants. If any amounts remain in the Settlement Fund (after payment of all notice and claim administration expenses, necessary taxes and tax expenses, attorneys' fees and expenses and eligible claims, including after the upward adjustments of eligible claims), the amount remaining in the Settlement Fund will be distributed pursuant to the *cy pres* doctrine to the FINRA Investor Education Foundation with specific directions that such funds be used for investor education, or such other organization as the Court directs.

7. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against each and all of the Defendants and their respective Related Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Lead Plaintiffs, all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

9. Upon the Effective Date, as defined in ¶ 1.8 of the Settlement Stipulation, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of (i) the Litigation, or (ii) the Released Claims, other than their obligations as Escrow Agents and other obligations provided in the Stipulation.

10. The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any Plan of Allocation submitted by Plaintiffs' Counsel or any order entered regarding the attorneys' fees application shall in no way disturb, affect, or delay the entry of this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution and indemnification arising out of any Released Claim(s), including, but not limited to, any claims that are based upon any matters that were alleged or could have been alleged in the Litigation by any Person or entity against the Defendants or any of the Related Parties are, by operation of this Judgment, hereby permanently barred, extinguished, discharged, satisfied and unenforceable. All Persons are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceeding against any of the Defendants or any of the Related Parties for equitable, partial, comparative or complete contribution, subrogation or indemnity, however denominated, based upon liability for the Released Claims, and the Court finds that all such claims extinguished, discharged, satisfied and unenforceable. Notwithstanding the foregoing, nothing in this Judgment shall apply to, bar or otherwise affect any rights or claims of Defendants with respect to their Insurers and/or the Insurers' Related Persons, including, but not limited to, any rights or claims under any directors' and officers' liability insurance or other applicable insurance coverage maintained by OCZ.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times prosecuted and defended the Litigation in good faith and at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is

returned to the Defendants except as provided for in the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Court hereby dismisses the Litigation and all Released Claims of the Settlement Class with prejudice, without costs as to any Settling Party. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 9/21/15

THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

To Whom It May Concern,

Daniel D. Lettieri and Michelle R. Lettieri are requesting exclusion from the Settlement Class in re OCZ Technology Group, Inc. Security Litigation 3:12cv-05265RS (N.D.Cal).

Below are share in the Settlement period:

| Date | Action | Security | Price | Shares |
|---|---|---|---|---|
| 10/1/2012 | Bought | OCZ TECHNOLOGY GROUP INC | $3.26 | 2,000.00 |
| 10/3/2012 | Bought | OCZ TECHNOLOGY GROUP INC | $3.06 | 2,000.00 |
| 1/25/2013 | Sold | OCZ TECHNOLOGY GROUP INC | $2.19 | 4,000.00 |

The class period should be extending substantially into 2013. The settlement is nowhere near what OCZ TECHNOLOGY GROUP INC. and its' Executives liability should be.

Sincerely,

Daniel D. Lettieri    7/12/15

Michelle R. Lettieri    7/12/15

3720 Charlemaine Drive
Aurora IL 60504
Cell 630-363-9716

July 12, 2015.

Re: OCZ Technology Group, Inc.

Please exclude myself from the Settlement Class in In re OCZ Technology Group, Inc. Securities Litigation, 3:12-cv-05265-RS (N.D. Cal.)

Name: TSUI, Yung Chin
Address: PO box 97004 Richmond, BC V6X 8H3
Telephone: 1-604-7166162

Regards,

Yung Chin Tsui