UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OCZ TECHNOLOGY GROUP, INC. SECURITIES LITIGATION | Case No. 3:12-CV-05265-RS <br><br> CLASS ACTION <br><br> [~~PROPOSED~~] ORDER APPROVING DISTRIBUTION PLAN <br><br> DATE: March 3, 2016 <br> TIME: 1:30 p.m. <br> CTRM: 3, 17th Floor <br> JUDGE: Hon. Richard Seeborg |

Lead Plaintiffs Leo Jegen, Vincent M. Monnier, Shih Leng Tan and Len C. Villacres (collectively, "Lead Plaintiffs"), on notice to Defendants' Counsel, moved this Court for an order approving the distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"), and the Court having considered all the materials and arguments submitted in support of the motion, including Lead Plaintiffs' Notice of Motion and Motion of Lead Plaintiffs to Approve Distribution Plan, and Memorandum of Points and Authorities in Support Thereof; and the Declaration of Stephanie Thurin in Support of Lead Plaintiffs' Motion to Approve Distribution Plan (the "Thurin Declaration"), submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Amended Stipulation of Settlement dated April 13, 2015 (the "Stipulation," ECF No. 97-1), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Thurin Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.     The administrative recommendations to accept claims, including the otherwise valid claims filed after the original August 13, 2015 postmark deadline ("Late Claims"), and to reject wholly ineligible or otherwise deficient claims, as recommended by the Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), as stated in the Thurin Declaration, are adopted;

4.     Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

   A.   Epiq will calculate award amounts to all Authorized Claimants by calculating their *pro rata* share of the fund in accordance with the Court-approved Plan of Allocation (the Claimant's "Distribution Amount").

   B.   Epiq will, pursuant to the terms of the Court-approved Plan of Allocation, eliminate any Authorized Claimant whose Distribution Amount calculates to less than $10.00, when the exact distributable amount is determined. Such Claimants will not receive any distribution from the Net Settlement Fund and Epiq will send letters to those Authorized Claimants advising them of that fact.

   C.   After eliminating Claimants who would have received less than $10.00, Epiq will recalculate the *pro rata* distribution amounts for Authorized Claimants who will receive $10.00 or more pursuant to the calculations described in subparagraph B. above.

   D.   Epiq will then conduct an Initial Distribution of the Net Settlement Fund by distributing to Authorized Claimants who will receive $10.00 or more their *pro rata* distribution amounts.

   E.   To encourage Authorized Claimants to promptly cash their payments, all Initial Distribution checks will bear a notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 60 DAYS OF DISTRIBUTION."

   F.   Epiq will endeavor to make reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks. Authorized Claimants who do not negotiate their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not negotiate subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlement.

G.     After Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but no earlier than six (6) months after the Initial Distribution, Epiq, if Lead Counsel has determined that it is feasible and practicable in light of the amount of the remaining Net Settlement Fund and Epiq's estimated costs for the second distribution, will conduct a second distribution of the Net Settlement Fund (the "Second Distribution").  If Lead Counsel has determined that a Second Distribution is feasible and practicable, then any amounts remaining in the Net Settlement Fund after the Initial Distribution, and after deducting Epiq's estimated fees and expenses incurred in connection with administering the Second Distribution, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who (1) cashed their distribution payment; and (2) are entitled to at least $10.00 from the redistribution based on their *pro rata* share of the remaining funds.

H.     In order to allow a final distribution of any funds remaining in the Net Settlement Fund after completion of the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed checks, or otherwise, if Lead Counsel has determined that a further distribution is feasible and practicable given the remaining amount of the Net Settlement Fund and Epiq's estimated costs to effectuate such further distribution, not less than six (6) months after the Second Distribution is conducted, Epiq will conduct an additional distribution of the Net Settlement Fund ("Third Distribution").  In the Third Distribution all funds remaining in the Net Settlement Fund, after deducting Epiq's unpaid fees and expenses incurred from the Second Distribution and after deducting Epiq's estimated fees and expenses to be incurred in connection with administering the Net Settlement Fund for the Third Distribution, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to Authorized Claimants who cashed their most recent distribution checks and who would receive at least $10.00 in such further distribution. Additional redistributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter until Lead Counsel, in consultation with Epiq, determines that further redistribution is not cost-effective.

I.    At such time as Epiq and Lead Counsel determine that further re-distribution is not cost-effective, Lead Counsel will seek direction from the Court with respect to the transfer of the balance of the Net Settlement Fund, if any, after payment of any unpaid expenses or fees incurred in connection with administering the Net Settlement Fund the costs of additional distributions, and after the payment of any estimated escrow fees or taxes and the costs of preparing appropriate tax returns, to the FINRA Investor Education Foundation.

J.    No further Proofs of Claim shall be accepted after January 18, 2016, and no further adjustments to Proofs of Claim shall be made for any reason after January 18, 2016.

K.    All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

L.    Unless otherwise ordered by the Court, one year after the Initial Distribution, Epiq will destroy the paper copies of the Proofs of Claim and all supporting documentation, and one year after the all funds have been distributed, Epiq will destroy electronic copies of the same.

M.    All of the fees and expenses incurred by Epiq in connection with its administration of the Settlement and to be incurred in connection with the Initial Distribution are APPROVED; accordingly, Lead Counsel shall direct payment of $260,941.97 out of the Settlement Fund to Epiq for such unpaid fees and expenses; and

//

//

//

5. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: 3/11/16

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE